## Case No. 16,819.

### VALLEJO v. UNITED STATES.

[Hoff. Land Cas. 174.] 1

District Court, N. D. California. Dec. Term, 1856.2

#### MEXICAN LAND GRANTS.

The objection that the land claimed was not segregated from the public domain, removed by further testimony taken in this court.

Claim for three leagues of land in Sonoma county, rejected by the board, and appealed by the claimant.

B. S. Brooks, for appellant.
William Blanding, U. S. Atty.

HOFFMAN, District Judge. The claimant in this case has produced the original grant by Gov. Micheltorena to Miguel Alvarado, dated Nov. 23d, 1844. This grant was approved by the departmental assembly on the eighteenth of February, 1845. The genuineness of the grant is fully proved, and the occupation of and the cultivation of a portion of the land established by testimony. The claim

1 [Reported by Numa Hubert. Esq., and here reprinted by permission.]
2 [Reversed in 22 How. (63 U. S.) 416.]

was rejected by the board for the reason that the tract granted was not segregated from the public domain. The land is described in the grant as known by the name of Yulupa, and bounded by the ranchos of Petaluma, Cotate, Santa Rosa and Los Guilicos. Jasper O'Farrell, who was a government surveyor in 1847 and 1848, and as such surveyed several ranchos in the vicinity, states that he knows the latter well, and that the rancho Yulupa is situated between them; that it is near the town of Sonoma, and can easily be segregated from the adjoining ranchos. Julio Carillo testifies that he has known the lands of Yulupa since 1838; that it lies between the ranchos of "Petaluma," "Cotate," "Santa Rosa" and "Guilicos"; that it contains about three leagues and is well known. The witness further states that Alvarado built a house on the land, and occupied it with cattle and horses in 1843 or 1844. The evidence of these and other witnesses whose testimony has been taken in this court on appeal, sufficiently, in my opinion, establishes the identity of the land granted to Alvarado, and removes the only objection urged to a confirmation of the claim. A decree of confirmation must therefore be entered.

[On appeal by the United States to the supreme court, the decree of confirmation was reversed, and the case remanded for farther evidence. 22 How. (63 U. S.) 416.]